after the vessel was launched." We are of the opinion that the phrase "covering your bill" construed in connection with the plaintiffs' testimony that the defendants agreed to pay it, could have been fairly interpreted by the jury as corroborative of the plaintiffs' contention. However this may be, the jury, if they believed the plaintiffs and their witnesses, had sufficient other evidence upon which to base their verdict. Motion overruled. *Fellows & Fellows,* for plaintiffs. *Donald F. Snow and Albert T. Gould,* for defendants.

---

### ROBERT J. REILLY *vs.* ANNA W. REILLY.

Penobscot County. Decided June 12, 1923. In the libel for divorce underlying the present case, the allegations of wrong conduct laid by a husband against his wife were those of adultery and cruel and abusive treatment. A decree was entered on the ground of cruel and abusive treatment. But, the record being barren of supporting proof, the granting of the divorce for the cause assigned must be ascribed to the circumstance of finding facts in the absence of evidence, and on this the law frowns. The libellee's exceptions are sustained. *Clinton C. Stevens,* for libellant. *Maxwell & Conquest,* for libellee.

---

### LYDIA DOUCETTE *vs.* E. W. GROSS COMPANY.

Androscoggin County. Decided July 3, 1923. This is an action brought to recover damages which the plaintiff says she received through the negligent conduct of defendant's servants. As usual there is a controversy over the issue as to whether defendant's servants were negligent, and since that issue has been decided by the jury in favor of the plaintiff we would not set the verdict aside on that issue. On the other hand there is no controversy over the conduct of the plaintiff. She told her own story and called witnesses in her behalf; but viewing her testimony in its best light it is plain that